Wells Fargo & Co. Express *v.* Townsend & Freeman Co.

Opinion delivered June 17, 1918.

1.   Carriers—interstate shipment—waiver of forfeiture.—A stipulation in a contract for the carriage of an interstate shipment limiting the liability of carrier, may be waived by the carrier, either by agreement, declaration or action.

2.   Appeal and error—instructed verdict.—Where both parties request an instructed verdict only, the cause will be treated as submitted to the court.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*Ponder, Gibson & Ponder,* for appellant.

1. No claim for damages or loss was ever made out and given as provided in the receipt. This was a condition precedent. 89 Ark. 404; 90 *Id.* 308; 67 *Id.* 407; 89 *Id.* 404; 95 *Id.* 412. The question as to the reasonableness of the notice and whether notice was given was for a jury. 89 Ark. 404. See 10 C. J. 327; 118 Ark. 406; 104 *Id.* 215.

2. The receipt on its face fixes the value at $15, and this limits the liability to that amount. 10 C. J. 133; 115 Ark. 20; 87 *Id.* 339; 10 C. J. 136-7; 108 Ark. 115; 227 U. S. 469; 107 Ark. 48; 115 *Id.* 20.

3. The letter to appellee was not a waiver of the condition as to value. This was a question for a jury. 10 C. J. 340; 35 N. E. 418. The proof shows that there was no waiver. The court erred in instructing a verdict.

*E. H. Tharp,* for appellee.

1. Prior to November 13, 1916, complaint was made to the claim agent of the loss. Buckmaster's letter states that all possible efforts would be made to locate the loss and suggesting that appellee order a duplicate.

2. The value of $15 was fixed by appellant. The letter of the claim agent was a waiver of notice as well as of limitation of value. 6 Cyc. 509; 133 Mich. 633; 89 Ark. 158; 54 Am. St. 550.

3. The court erred in holding that the letter directing appellee to buy a new casting was a waiver of conditions. 100 Ark. 74. Both parties requested a directed verdict and thereby agreed that the question should be decided by the court, the facts being undisputed, and a verdict was properly directed for appellee. 100 Ark. 74; 128 *Id.* 213; 118 *Id.* 377. The judgment is correct.

HUMPHREYS, J. The issue joined by the pleadings in this case, which was instituted by appellees against appellant in the Lawrence Circuit Court for the Eastern District, presented the question of whether appellant was responsible to appellees for $50.89 for a cross-head casting used in connection with an engine. Appellees ex-

pressed this casting through appellant express company from Poplar Bluff, Missouri, to Case, Arkansas, consigning it to J. E. Townsend, a member of appellee's firm. The casting was lost. When the casting was shipped, appellant company issued a uniform express receipt to appellees. The express receipt contained a clause in which appellees warranted the value of the casting to be $15. It also contained the following clause:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months, * * *"

A short time after the loss of the casting, appellees took the matter up with W. R. Buckmaster, claim agent of appellant company. On November 13, some twenty days after the shipment, the claim agent wrote appellees the following letter from St. Louis headquarters of appellant company:

"Townsend & Freeman Company,
    Delaplaine, Arkansas.

"Gentlemen:—

"Referring to casting delivered to this Company at Poplar Bluff, Mo., on Oct. 25th, for forwarding to your address at Case Spur, Arkansas:

"I have made all efforts possible to locate some account of this casting but without success, therefore suggest that you order duplicate and furnish me with your claim covering the value of the original. I will then see that matter is disposed of to your entire satisfaction.

                    "Yours truly,
              "W. R. Buckmaster, Claim Agent."

Appellees purchased a duplicate of the casting at a cost of $50.89 and notified appellant of that fact by letter on November 19, 1916. Appellant refused to pay more than $15 for the casting, and appellees instituted this suit.

Appellant defended the cause of action upon the grounds:

First, that written notice of the loss of the casting was not given to it;

Second, that under the contract, its liability was limited to a maximum of $15.

Each party then requested an instructed verdict and neither asked any other instructions. Thereupon the court peremptorily instructed the jury to return a verdict in favor of appellees for $50.89. The jury returned a verdict in keeping with the instruction of the court, and a judgment was rendered in favor of appellees in accordance therewith. Proper steps were taken and an appeal has been prosecuted to this court from the verdict and judgment.

Appellant contends that the stipulations for written notice and for a maximum liability of $15, in case of loss or damage to the casting, are valid provisions in a shipping contract. "A condition precedent, requiring notice of an injury to be given, has been expressly upheld as reasonable by this court." *K. & A. V. Ry. Co.* v. *Ayres,* 63 Ark. 331; *St. L. & S. F. Rd. Co.* v. *Keller,* 90 Ark. 308; *C. R. I & P. Ry. Co.* v. *Williams,* 101 Ark. 436; *Mo. & N. Ark. Rd. Co.* v. *Ward,* 111 Ark. 102. "The liability of a common carrier for loss or damage to the freight in an interstate shipment may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable." *K. C. & M. Ry. Co.* v. *Oakley,* 115 Ark. 20.

(1) The general proposition contended for by appellant is not gainsaid by appellees. Appellees, in effect, concede that the stipulations in the contract providing for notice and limiting appellant's common-law liability are valid provisions in the contract, but contend that there has been a waiver of both stipulations on the part of appellant. It seems well settled by authority that forfeiture clauses of this character may be waived by those in whose favor they are made, either by agreement, declaration or action. 6 Cyc. 509; *Wallace* v. *Lake Shore & M. S. R. Co.,* 133 Mich. 633; *Hudson* v. *Northern Pacific Ry. Co.,* 92 Iowa 231; *St. L. Sw. R. Co.* v. *Grayson,* 89 Ark. 158.

By letter of date November 13, 1916, only a short time after the casting was lost, appellant directed appellees to purchase a duplicate of the casting and requested that they present their claim covering the value of the original casting and agreed to adjust the matter to appellees' entire satisfaction. Immediately thereafter appellees purchased another casting at an expense of $50.89, and, on the 19th day of November, 1916, apprised appellant company of that fact. The letter written by appellant confessed that it lost the casting and directed appellees to replace the same at its expense. The letter constituted a clear waiver of the stipulations in its contract for written notice and for a maximum liability of $15. It was an agreement to pay the value of the original casting. No contention was made by appellant that appellees paid more for the new one than the old one was worth, nor that $50.89 was not a fair value for the original.

(2) It is contended, however, by appellant that these matters were mixed questions of law and fact and that the court should have submitted them to the jury under proper instructions. The determination of the facts was withdrawn from the jury by the request of both appellant and appellees for an instructed verdict.

"The effect of our decisions is that where both parties request a peremptory instruction and do nothing more, they thereby assume the facts to be undisputed and submit to the trial judge the determination of the inferences proper to be drawn from them." *St. L. Sw. Ry. Co.* v. *Mulkey,* 100 Ark. 71; *St. L., I. M. & S. R. Co.* v. *Ingram,* 118 Ark. 377; *Miellmier* v. *Toledo Scales Co.,* 128 Ark. 211.

No error appearing in the record, the judgment is affirmed.