# FIFTY ASSOCIATES COMPANY OF GREAT FALLS, Respondent, *v.* QUIGLEY, Appellant.

### (No. 4,013.)

(Submitted September 15, 1919.   Decided October 25, 1919.)

[185 Pac. 155.]

*Appeal and Error—Directed Verdict—Request by Both Parties—Findings—Conclusiveness.*

1.   Where both parties to an action move for a directed verdict at the close of the testimony, the court may assume that they deem the material facts undisputed and submit the cause for determination, and a finding of fact made under such circumstances will not be set aside unless clearly against the weight of the evidence.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

Action by the Fifty Associates Company of Great Falls against John C. Quigley. From a judgment for and from an order denying a new trial, defendant appeals. Affirmed.

*Mr. W. F. O'Leary,* for Appellant, submitted a brief, and argued the cause orally.

The respondent is not a holder in due course as defined by section 5900 of the Revised Codes, because at the time that the note was negotiated to the respondent it had notice that the maker of it had not received the consideration agreed upon or

any consideration at all. (*Montana Electric Co.* v. *Northern Valley Min. Co.,* 51 Mont. 266, 153 Pac. 1017.)

By indorsing the note without recourse, the Sexton-Lloyd Company refused to assume the responsibility which the law attaches to an unqualified indorsement so that in respect to such liability it may be regarded as standing without an indorsement. The purpose of such an indorsement, like delivery without an indorsement, is simply to carry title to the purchaser. (*Hannum* v. *Richardson,* 48 Vt. 508, 21 Am. St. Rep. 152, 153; *Carroll* v. *Nodine,* 41 Or. 412, 93 Am. St. Rep. 743, 69 Pac. 51; *Harrington* v. *Butte & Boston Min. Co.,* 33 Mont. 330, 114 Am. St. Rep. 821, 83 Pac. 467; *Cornish* v. *Woolverton,* 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4; 4 Elliott on Contracts, 463.) Consequently it would make no difference whether the respondent had notice or not of any infirmities in the paper, it was merely an assignee and any defense that the maker had against the original payee he could set up against the respondent.

If the respondent here is not a holder in due course, and is a mere assignee of the title of the instrument, then any defense that the appellant has he can set up against the respondent the same as he might have done against the Sexton-Lloyd Company.

*Mr. A. H. Gray,* for Respondent, submitted a brief, and argued the cause orally.

The recital of the consideration in a promissory note does not destroy its negotiability nor put the purchaser on inquiry as to whether or not the consideration has passed. Such recital is assuring, rather than otherwise, that the note was given for value. (*Klots Throwing Co.* v. *Manufacturers' C. Co.,* 30 L. R. A. (n. s.) 43–45, notes; *Mee* v. *Carlson,* 29 L. R. A. (n. s.) 380, 381, 383, 387, notes; *Dollar Saving & Trust Co.* v. *Crawford,* 69 W. Va. 109, 33 L. R. A. (n. s.) 587, 70 S. E. 1089; 7 Cyc. 580, 583, 587.) Appellant contends that inasmuch as the Sexton-Lloyd Company was the original payee in the note, that P. H. Sexton was a member of the Sexton-Lloyd Company and was also a director of respondent corporation at the time that it acquired title to

the note, if P. H. Sexton, as such director, had knowledge of defects or defenses to said note, his knowledge would be imputed to the corporation. This contention is not tenable and as we understand, it is not the law. Appellant relies upon *Montana Electric Co.* v. *Northern Valley Min. Co.*, 51 Mont. 266, 153 Pac. 1017. But the facts in that case are not analogous to the facts in the case in issue and therefore have no bearing upon this case. This court has construed the law so plainly on this proposition that there can be no misunderstanding it. (*Ropes* v. *Nilan,* 44 Mont. 238, 119 Pac. 479; *State Bank* v. *Forsyth,* 41 Mont. 249, 28 L. R. A. (n. s.) 501, 108 Pac. 914; see, also, *Washington Nat. Bank* v. *Pierce,* 6 Wash. 491, 36 Am. St. Rep. 174, 33 Pac. 972; *First Nat. Bank* v. *Babbidge,* 160 Mass. 563, 36 N. E. 462, 463; Thompson on Corporations, 2d ed., sec. 1655; 10 Cyc. 1058.)

The addition of the words "without recourse" to the indorsement of a negotiable note does not change the relationship or status existing between the holder and maker. If a holder is a holder in due course without the addition of these words, he is such still, regardless of the addition of such words. These words merely relieve the indorser of liability but do not open up the note to defenses. They merely qualify the obligations and responsibility of the indorser but cannot be considered as notice of any infirmity of the instrument. (*Leavitt* v. *Thurston,* 38 Utah, 351, 113 Pac. 77; *Thorp* v. *Mindeman,* 123 Wis. 149, 107 Am. St. Rep. 1003, 68 L. R. A. 146, 152, 101 N. W. 417; *Mee* v. *Carlson,* 22 S. D. 365, 29 L. R. A. (n. s.) 351, 378, note, 117 N. W. 1033; *Dollar Saving & Trust Co.* v. *Crawford,* 69 W. Va. 109, 33 L. R. A. (n. s.) 587, 70 S. E. 1089; *Hatch* v. *Barrett,* 34 Kan. 223, 8 Pac. 129; *Beach* v. *Bennett,* 16 Colo. App. 459, 66 Pac. 567; *American Savings Bank & T. Co.* v. *Helgesen,* 64 Wash. 54, Ann. Cas. 1913A, 390, 116 Pac. 837; 7 Cyc. 809–954.)

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint alleges the execution and delivery by defendant of a note in the principal sum of $2,500, due November 1,

1913, payable to the Sexton-Lloyd Company, a copartnership consisting of P. H. Sexton and George Lloyd; that plaintiff is now the holder thereof in due course, without notice or knowledge of any infirmities or defenses thereto; and that the same is unpaid. The defendant's answer consists of general denials, and alleges affirmatively the writing into said note, as expressive of the consideration therefor, the following: "This note is in payment of a one-twenty-first interest in lots 1 and 2 of block 362, original townsite of Great Falls, Montana"; that it was agreed between defendant and the payee therein that said note was not to be paid until the delivery to defendant of a warranty deed conveying said interest in said lots; that at the time of the giving of said note Sexton and Lloyd falsely and fraudulently represented, for the purpose of inducing defendant to execute and deliver said note, that they would transfer to him said interest in the lots, although at no time before the execution of the note could they have delivered title thereto; that no conveyance or title of any kind has ever been offered to defendant as a consideration for the note; that plaintiff was aware, at the time of its purchase, of all the equities attaching thereto; that Sexton was president and director, and Lloyd a stockholder, in the Sexton-Lloyd Company; and that the only assets of the company consist of lots 1 and 2. The reply puts in issue all the affirmative allegations contained in the answer, and admits that Sexton was a director and Lloyd a stockholder of plaintiff corporation.

The cause was tried before the court and a jury. The note was produced and admitted in evidence without objection. Plaintiff then rested. The evidence concerning the consideration for the giving of the note was conflicting. The defendant, testifying in his own behalf, alone, stated that he was never offered a twenty-first interest in the capital stock of the plaintiff company, never voted any stock at any meeting of the stockholders, never attempted to induce any person to take any stock in the corporation, never considered himself a stockholder, and never agreed to subscribe or pay for any stock in the company. The

witness Gray, testifying for plaintiff, stated that he was secretary of the company; that a certificate of stock was issued for defendant, and that he then had it with him for delivery to defendant; that he was present at stockholders' meetings and voted his stock for the election of directors for the ensuing year. The witnesses Ness and Ario both testified that the defendant was present at stockholders' meetings they attended, told them he was a stockholder in the plaintiff company, and tried to induce them to take stock.

At the close of all the testimony the defendant moved the court to direct a verdict in his favor, upon the ground that section 5878 of the Revised Codes provides that an instrument is negotiable when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof, and on the further ground that ''there was no agreement shown that the defendant ever received or accepted the consideration testified about'' as consideration for the note. This motion the court denied, but sustained plaintiff's motion to direct a verdict, upon the ground that it was a holder in due course. Defendant thereafter made no request for the submission of any issue to the jury. Thereupon the court charged the jury to return a verdict for plaintiff, which was accordingly done, and judgment entered thereon. A motion for a new trial was made and overruled, and these appeals are from the judgment and from the order of the court denying defendant's motion for a new trial.

All of appellant's specifications of error deal with the correctness of the rulings of the trial court, finally resulting in the [1] withdrawal of the issues of fact from the jury, and the rendition of judgment for the plaintiff. In the view we take of the whole case, if the defendant understood that the note, when executed and delivered, or its proceeds, were to be applied as part of the purchase price of the lots, and that their acquisition and use by the plaintiff company was an incident to the corporate operations contemplated, the negotiable character of that instrument becomes wholly immaterial to the issues deter-

minative of these appeals. Is it, then, to be fairly inferred, from the history of the transactions disclosed by the evidence, that the defendant gave the note in question as his contribution to the organization and establishment of the Fifty Associates Company? The question presents no difficulty of solution. If defendant solicited Ness and Ario to purchase stock, attended stockholders' meetings of the company, and participated in the proceedings looking to the starting of its business affairs, such conduct may well unerringly reflect the workings of his mind in the making and delivery of the note in question. There was evidence in relation to the purpose for which the note was given; that Quigley not only sought to induce the persons named to purchase stock, but, as witness Gray testified, "attended all the meetings held and had at the time this corporation was organized." This testimony, controverted as it was by the defendant himself, created a distinct issue touching the actual consideration for the execution of the note sued on. That being so, was the authority of the court in granting plaintiff's motion for a directed verdict properly exercised? We think it was.

The exact question here involved has not been heretofore decided by this court. It has, however, received careful consideration by many of the courts of the country, both state and federal (38 Cyc. 1582), and it is held that where, as in the instant case, both parties request a peremptory instruction and do nothing more, it is to be assumed that they deem the material facts undisputed and submit the cause to the trial court for determination of the inferences proper to be drawn from them. (*St. Louis etc. R. Co.* v. *Mulkey*, 100 Ark. 71, Ann. Cas. 1913C, 1339, 139 S. W. 643; *Wells Fargo & Co. Express* v. *Townsend*, 134 Ark. 560, 204 S. W. 417; *Share* v. *Coats*, 29 S. D. 612, 137 N. W. 402; *Van Woert* v. *Modern Woodmen*, 29 N. D. 442, 151 N. W. 224.) The rule is well stated in 38 Cyc. *supra*, as follows: "The general rule is that a request by both parties for a directed verdict amounts to a submission of the whole case to the court, and its decision upon the facts has the same effect as the verdict of a jury, and will not be disturbed when

supported by any substantial evidence. But the rule does not apply when the party whose request has been denied, thereafter makes a seasonable request for the submission of the facts to the jury.'' To the same effect are *Beutell* v. *Magone,* 157 U. S. 154, 39 L. Ed. 654, 15 Sup. Ct. Rep. 566; *Empire Cattle Co.* v. *Atchison Ry. Co.,* 210 U. S. 1, 15 Ann. Cas. 70, 52 L. Ed. 931, 28 Sup. Ct. Rep. 607, and *Sena* v. *American Turquoise Co.,* 220 U. S. 497, 55 L. Ed. 559, 31 Sup. Ct. Rep. 488.

The record before us contains no requested instructions to the jury, and nothing appears in it to indicate that, at the time of the ruling complained of, appellant desired the disputed facts determined by the jury. *Chessman* v. *Hale,* 31 Mont. 577, 3 Ann. Cas. 1038, 68 L. R. A. 410, 79 Pac. 254, is cited to the point that section 6762 of the Revised Codes was disregarded by the court below, and that he was thereby denied his constitutional right of a trial by jury. Neither that case nor the California cases therein referred to are inimical to the law herein declared. As will be noticed by a casual reading of the opinions of Chief Justice Brantly and Commissioner Poorman, the court below in that case by its ruling forced the plaintiff to treat the case as one in equity. In the case before us, a jury had already been impaneled and sworn, and testimony, conflicting in character on a material issue, adduced before it which, upon seasonable motion addressed to the court would doubtless have been presented to the jury for their consideration. The action of both parties, however, in moving for a directed verdict at the close of the testimony, transferred the functions of the jury to the court. A finding of fact by the court under such circumstances should not be set aside by a reviewing court, unless clearly against the weight of the evidence. (*First Nat. Bank* v. *Hayes,* 64 Ohio St. 100, 59 N. E. 893; *Perkins* v. *Commissioners,* 88 Ohio St. 495, 103 N. E. 377; *Beuttell* v. *Magone, supra; Empire Cattle Co.* v. *Atchison Ry. Co., supra;* 38 Cyc. 1382.)

The question of the credibility of the witnesses having been submitted to the court below, along with other disputed ques-

tions, its determination is conclusive upon this court.    (*Murphy* v. *Cooper,* 41 Mont. 72, 108 Pac. 576; *Flavin* v. *Chicago etc Ry. Co.,* 43 Mont. 220, 115 Pac. 667.)    From the testimony appearing in the record, as well as from the inferences reasonably to be drawn therefrom, the defendant must have been fully aware of the use to which his note was to be put.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, PATTEN and HURLY concur.

