## BUCKHOUSE, APPELLANT, v. PARSONS, RESPONDENT.

### (No. 4,380.)

(Submitted April 21, 1921. Decided May 23, 1921.)

[198 Pac. 443.]

*Attorney and Client — Husband and Wife — New Trial — Appeal and Error.*

New Trial—Motion Lies, When.
1. A motion for a new trial lies where an issue of fact was wrongfully or erroneously determined by the jury or by direction of the court.

Same—Directed Verdict—Motion by Both Parties.
2. Where both parties moved for a directed verdict, thus in effect submitting the cause upon an agreed statement of facts, the court may nevertheless grant the defeated party a new trial if it deems the verdict as directed by it erroneous.

Same—When Proper.
3. A motion for new trial because of insufficiency of evidence to justify the verdict moves the discretionary powers of the court, while one based on alleged error of law, occurring at the trial and excepted to by the defendant, presents a question of strict legal right, but in either case the granting of the motion, if sustained by the record, is proper.

Husband and Wife—Authority of Wife to Employ Counsel for Husband.
4. Under section 6480, Revised Codes, providing that if a husband and wife be sued together the wife may defend for her own right, and if the husband neglects to defend, she may defend for his right also, a wife, pending suit for divorce brought by her, had authority to employ counsel on behalf of her husband, in a suit for partition against both of them in which he had failed to appear.

Same—Attorney and Client.
5. An attorney who had been employed by the wife of a husband who had deserted her, to represent him in a partition suit against both, could lawfully pay to the wife the amount awarded to the husband, and was not liable to the latter therefor.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

[60 Mont. 156.]

ACTION by Donald Buckhouse against Harry H. Parsons. From an order granting defendant's motion for new trial after verdict directed for plaintiff, he appeals. Affirmed.

*Messrs. Madeen & Russell,* for Appellant, submitted a brief; *Mr. Chas. A. Russell* argued the cause orally.

Where both parties, plaintiff and defendant, submit the cause to court at the close of all the evidence as undisputed, as was done in this case, it is in legal effect submitting case on an agreed statement of fact as has been held by this court, and upon that state of the record a motion for new trial will not lie, and it was error to sustain the motion in this case.

The supreme court of Oklahoma, in *Durant* v. *Nesbit,* 59 Okl. 11, 157 Pac. 353, held that: "Where a case is tried upon an agreed statement which eliminates all questions of fact, a motion for a new trial is unauthorized by statute." (*Sevier* v. *Hopkins,* 101 Wash. 404, 172 Pac. 550; *Duncan* v. *Great Northern Ry. Co.,* 17 N. D. 610, 118 N. W. 826; *De Burg* v. *Armenta,* 22 N. M. 443, 164 Pac. 838; *Conkling* v. *Knights and Ladies of Security,* 183 Iowa, 665, 166 N. W. 384; *Gray* v. *Central Minnesota Immigration Co.,* 127 Iowa, 560, 103 N. W. 792.)

This court has in effect affirmed this rule in the following language: "In a trial to the court where there is no substantial conflict in the evidence, it remains only for the court to determine the question of law arising upon all the evidence, viewed as an agreed statement of facts." (*Milwaukee Land Co.* v. *Ruesink et al.,* 50 Mont. 489, 148 Pac. 396; *Old Kentucky Distilling Co.* v. *Stromberg-Mullins Co.,* 54 Mont. 285, 169 Pac. 734.)

It was contended upon the argument in the court below that the wife, by reason of the marital relation, possessed the implied power, not only to employ respondent as attorney, but also to authorize him to pay her the money in question, and that such payment relieved respondent of all liability for his acts. It is to be noted in the first place that at the time of

the employment, and subsequently, the respondent occupied the position of an attorney for the wife in prosecuting an adverse claim against the appellant, and that the said Fleety Smith to all intents and purposes had severed the marital relations by suing for divorce, *etc.*, that by reason thereof, the relation of confidence and agency between husband and wife no longer existed, and that her sole and only power and authority was by virtue of the written instrument.

In the leading case of *Benjamin* v. *Benjamin,* 15 Conn. 347, 39 Am. Dec. 384, the court in the headnote says: ''Implied authority of wife left in charge of husband's farm to manage and superintend the same during his absence from the state does not enable her to bind him by agreement to permit a creditor having an attachment against the husband to cut, remove and sell on execution, grain growing on the land and, notwithstanding such agreement, the husband may maintain trespass against the creditor.'' This case contains a very full and thorough discussion of the rights and powers of a wife in relation to husband's property, and shows clearly that the action of respondent in this case was unwarranted, and is the leading case cited by all the courts upon that question. For additional authorities see: *Wells* v. *Seely,* 47 Hun, 109; *Terry* v. *St. Stephens P. E. Church,* 79 App. Div. 527, 81 N. Y. Supp. 119; *Butts* v. *Newton,* 29 Wis. 632; *Steffens* v. *Nelson,* 94 Minn. 365, 102 N. W. 871; 21 Cyc. 1234.

*Mr. Chas. H. Hall and Mr. A. N. Whitlock,* for Respondent, submitted a brief; *Mr. Whitlock* argued the cause orally.

It is contended by the appellant that where both parties make a motion for directed verdict, it is, in effect, an agreement that the evidence is free from conflict and that the case must be determined by the trial court. While there is some authority for this proposition, the decided weight of authority is opposed to it. We cite the following cases, all of which clearly hold that in the respective jurisdictions in which they were decided no such rule prevails: *Smith* v.

*Hutchinson Box Board & P. Co.*, 101 Kan. 274, 166 Pac. 484; *Breckin* v. *McGannon*, 137 Tenn. 207, 192 S. W. 922; *German Savings Bk.* v. *Bates Co.*, 111 Iowa, 432, 82 N. W. 1005; *Elder* v. *Woodruff Hardware Co.*, 16 Ga. App. 255, 85 S. E. 268; *Hayes* v. *Kluge*, 86 N. J. L. 657, 92 Atl. 358; *Hogan* v. *Milburn*, 44 Okl. 641, 146 Pac. 5; *Midland Valley R. Co.* v. *Lynn*, 38 Okl. 695, 135 Pac. 370; *Hite* v. *Keene*, 149 Wis. 207, Ann. Cas. 1913D, 251, 135 N. W. 354; *Strauff* v. *Bingenheimer*, 94 Minn. 309, 102 N. W. 694; *Thompson* v. *Brennan*, 104 Wis. 564, 80 N. W. 947; *Fitzsimons* v. *Richardson*, 86 Vt. 229, 84 Atl. 811; *King* v. *Cox*, 126 Tenn. 553, 151 S. W. 58.

In the absence of any statutory authority, we submit that the wife, having been deserted by her husband with a number of minor children, and with nothing to support them, and left at the plaintiff's home, with no one else in charge of his property, and such are the facts if her testimony is to be believed, she had authority by virtue of those circumstances, coupled with her relationship, to take the necessary steps to protect and manage the property of herself and husband. The authority of the wife to manage or dispose of the husband's property, under similar circumstances, has been considered in a number of cases. 21 Cyc. says, on page 1235, that the law will imply that a wife is acting as her husband's agent when she is left in charge of his property during his absence, or when he absconds intending not to return. The following cases support the same proposition: *People* v. *Horton*, 4 Mich. 67; *Butts* v. *Newton*, 29 Wis. 632; *Martin* v. *Oakes*, 42 Misc. Rep. 201, 85 N. Y. Supp. 387; *Felker* v. *Emmerson*, 16 Vt. 653, 42 Am. Dec. 532; *Casteel* v. *Casteel*, 8 Blackf. (Ind.) 240, 44 Am. Dec. 763. The same principle is recognized by *dictum* in the case of *Walker* v. *Simpson*, 7 Watts & S. (Pa.) 83, 42 Am. Dec. 217. (See also a discussion of the matter, R. C. L., "Husband and Wife," par. 212, and following.) Mr. Mechem, in volume 1 of his recent treatise on Agency, in paragraph 167, recognizes this principle, citing a number of cases in support thereof, and particularly *Buford* v. *Speed*, 74 Ky. (11 Bush)

338, holding the husband liable for legal services contracted for by her to protect his property during his absence. (*Hughes* **v.** *Mulvey,* 1 Sandf. (N. Y.) 92.)

MR. COMMISSIONER JACKSON prepared the opinion for the court.

In this case the defendant, an attorney at law, is sued by the plaintiff to recover judgment for the sum of $1,808.89, with interest from February 15, 1917. The plaintiff alleges that on February 23, 1916, an action was commenced in the district court of the fourth district of Montana, wherein John Buckhouse *et al.* were plaintiffs and Donald Buckhouse *et al.* were defendants, for the purpose of partitioning the estate of Henry Buckhouse, deceased, and dividing the proceeds thereof among the heirs, one of whom was the plaintiff in this action. No summons or complaint was served on the plaintiff, and he was out of the state between November 26, 1915, and May 29, 1917; that the defendant, without authority, appeared in the partition suit for the plaintiff, and after the right of plaintiff in this action was determined, and he was decreed the sum of $1,808.89, the defendant, without plaintiff's authority, received the said money and turned it over to one Fleety Buckhouse, about February 15, 1917, and that she was not entitled to any part of the same; that plaintiff had no knowledge of this proceeding until about March 17, 1917, and shortly thereafter demanded of defendant the payment of the money, which was refused. By answer, the defendant admits he appeared for plaintiff, but alleges that his appearance and all of his acts in connection therewith were lawful and with plaintiff's authority and consent; admits plaintiff's interest was determined in the partition suit, and alleges that the portion of the estate allotted to the plaintiff and his wife, Fleety Buckhouse, was the sum of $2,177.77; that a portion was paid out of this sum to the Missoula Mercantile Company, leaving a net sum of $1,808.89, which defendant admits he received as attorney for plaintiff and his wife, and turned over to

[60 Mont. 156.]

her, less $221.49, his fees for services in the partition suit, and in a divorce action wherein Fleety Buckhouse was plaintiff and the plaintiff herein was defendant, and which was pending at that time; admits the demand by plaintiff for the money and his own refusal. Defendant then alleges: That on February 25, 1916, Fleety Buckhouse had him file proceedings against plaintiff for divorce and custody of their four children. That service was had by publication in March, 1916, and a divorce granted February 17, 1917, awarding Fleety Buckhouse the custody of the children. That after the action for divorce had been filed, service of summons in the partition suit was had on Fleety Buckhouse. That on or about March 18, 1916, she employed defendant to represent the interests of herself and her husband in the said suit. That she represented to have, and in fact did have, authority from her husband to employ counsel on his behalf, and was empowered to deal in such manner as she deemed fit and proper with all of his property, in accordance with exhibits "A" and "B," as follows: "Exhibit 'A.' Missoula, Mont., Nov. 26, 1915. I hereby give Fleety Buckhouse authority to sign my name to any leases or to do as she sees fit with any real estate which I possess. [Signed] Donald Buckhouse."

"Exhibit 'B.' Missoula, Mont., Nov. 26, 1915. To Whom It may Concern: I have sold and delivered to Fleety Buckhouse all my personal property except one threshing machine for the sum of ($1.00) one dollar value received. [Signed] Donald Buckhouse." That under the authority vested in her, he turned over the money, and that no proceedings were had to determine the interests of plaintiff and Fleety Buckhouse in the fund, and that nothing is due plaintiff from defendant. That plaintiff had, at the time the divorce action was instituted, deserted Fleety Buckhouse and their children, and failed and refused to contribute to their support, and for more than two years before she received the money turned over to her by defendant she had no means whatever for providing herself with the necessaries of life, and that the sum

so received of $1,587.40 was reasonably necessary for providing the necessaries of life for her and her children, and that the sum of $221.49 was reasonable for defendant's services in the partition and divorce actions. That plaintiff was legally obliged to support his wife and children and that he should be estopped from denying the authority of the defendant to pay over the said money. Issue was joined by the reply. The trial was had to a jury and at the conclusion of all the testimony plaintiff and defendant each moved the court for a directed verdict. The motion of the plaintiff was granted and a verdict returned for him in the sum of $1,808.89. Motion by defendant for a new trial was granted, and from that order plaintiff appeals. The sole assignment of error is the granting by the court of the motion for a new trial.

A motion for a new trial lies in cases where it appears from [1] the record that there is an issue of fact wrongfully or erroneously determined after trial and decision by a jury, a court, or by referees. (Sec. 6793, Rev. Codes.) It is immaterial, as far as the motion is concerned, as to how the verdict was reached, whether by the jury or direction of court. If the record shows it comes within the purview of section 6794, the motion is proper, and the trial court may grant a new trial.

Plaintiff contends quite vigorously that a motion for a new [2] trial cannot lie when both parties move for a directed verdict, and that defendant's only remedy is by appeal from the judgment. He urges that, since each has moved for the directed verdict, they thereby concede in effect that it is a submission of an agreed statement of facts to the court. That this is the law, as far as the purpose of the motion is concerned, there is no doubt, but no authority can hold that the mere *ex parte* motion of either or both is binding on the record or the court's action. Such a motion merely states to the court that, in the opinion of the movant, from all of the testimony in the case, giving to the adverse party the

extreme benefit of his proof, there is but one legal conclusion to be drawn therefrom. And while the court may grant the motion and direct the verdict, it would be a far-fetched course of reasoning that would prevent a re-examination of the facts upon which the judgment of the court was based, when, upon a motion for a new trial, the court is convinced it had made an error in drawing its conclusion, to which proper exception had been taken, and where under a re-examination the correct determination would be had. If the directed verdict had been erroneously granted, it is an error in law during the trial, and one of our statutory grounds for a new trial.

The motion for a new trial was made on the ground of insufficiency of the evidence to justify the verdict, which moves the discretionary power of the court, and also error in law occurring at the trial and excepted to by the defendant, which, standing alone, presents a question of strict legal right. In either assignment, if borne out by the record, the granting of the motion is not error. (*McIntyre* v. *Northern Pac. Ry. Co.,* 56 Mont. 43, 180 Pac. 971; *Jones* v. *Shannon,* 55 Mont. 225, 175 Pac. 882; *State* v. *Schnepel,* 23 Mont. 529, 59 Pac. 927; Hayne on New Trial and Appeal, sec. 100.)

In the long line of authorities cited by both parties, the ultimate result determined was whether or not the record of the case justified the action of the court in its rulings. (*Clement* v. *Rowe,* 33 S. D. 499, 146 N. W. 700; *Fifty Associates Co. of Great Falls* v. *Quigley,* 56 Mont. 348, 185 Pac. 155; *De Burg* v. *Armenta,* 22 N. M. 443, 164 Pac. 838; *Beuttell* v. *Magone,* 157 U. S. 154, 39 L. Ed. 654, 15 Sup. Ct. Rep. 566; *Empire State Cattle Co.* v. *Atchison Ry. Co.,* 210 U. S. 2, 15 Ann. Cas. 70, 52 L. Ed. 931, 28 Sup. Ct. Rep. 607.) Consequently, we are brought to the merits of the instant case to determine whether or not the granting of plaintiff's motion for a new trial was well taken.

This action was brought against the defendant and Fleety [4] Smith, formerly Fleety Buckhouse, and dismissed before

trial as to the latter. Plaintiff proved a *prima facie* case in show-ing that the defendant appeared in the partition suit without his authority, collected the money, refused to pay it to plain-tiff, and plaintiff did not authorize him to turn it over to anyone else. The defendant's chief, and in our opinion only, defense was based on the provisions of section 6480, Revised Codes: "If a husband and wife be sued together the wife may defend for her own right, and if the husband neglect to defend, she may defend for his right also." He proved that Donald Buckhouse deserted his wife, Fleety Buckhouse, and their four children of tender years, in the latter part of No-vember, 1915, with the evident intention of abandoning them; that Fleety Buckhouse knew nothing of his whereabouts, although she had tried to locate him; that she requested the defendant to appear in the partition suit on her behalf, and likewise to defend for her then husband. Since the defendant's evidence so appears, we are compelled 'to the conclusion that the plaintiff was certainly guilty of negligence with respect to any property right he may have had at that time, and Fleety Buckhouse, who was still his wife, in spite of the fact that she had brought suit against him for divorce, had not only the right, but the duty, to defend for him and for her-self in the partition suit, both being parties defendant. The only possible construction that can be placed on section 6480, Revised Codes, is that the wife represents her husband when he neglects to defend, and that she is clothed with authority, as his agent, for the purpose of the defense.

"It is a familiar principle of the law of agency that every authority given to an agent, whether general or special, express or implied, impliedly includes in it, and confers on such agent all the powers which are necessary, or proper, or usual, to effectuate the purposes for which such authority was cre-ated. It embraces appropriate means to accomplish the de-sired end." (*Benjamin* v. *Benjamin,* 15 Conn. 347, 39 Am. Dec. 384, quoting Justice Storrs.)

Our statute would indeed be emasculated and nugatory if [5] the wife had not the power to employ counsel and bind the negligent husband by the contract of employment. There seem to be no cases directly in point, construing section 6480, but the trend of judicial viewpoint may be gathered from *Butts* v. *Newton*, 29 Wis. 639, and *Savage* v. *Davis*, 18 Wis. 608. Having this power conferred on her by the law, in what position is the defendant? We pass over the ethics of his appearance for Fleety Buckhouse in the divorce action, and at the same time his representing both her and plaintiff in the partition suit, because under our construction of the statute, she had a right to hire defendant, and, as far as the partition suit was concerned, the interests of both Donald and Fleety Buckhouse were not antagonistic.

The defendant was the lawful employee of his clients, and in turning over to Fleety Buckhouse the amount decreed to be the share of Donald and Fleety Buckhouse in the estate of Henry Buckhouse, deceased, he acted lawfully. We have no concern as to the duty of Fleety Buckhouse with respect to this fund.

For the reasons herein set forth, we recommend that the order of the lower court in granting the motion for a new trial be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the order of the lower court granting the motion for a new trial be affirmed.

*Affirmed.*