STOLTZE LAND CO., APPELLANT, *v.* WESTBERG, RESPONDENT.

(No. 4,692.)

(Submitted March 14, 1922. Decided April 3, 1922.)

[206 Pac. 407.]

*Unlawful Detainer—Landlord and Tenant—Leases—Tenancy for Years—Tenancy for Life—Tenancy from Year to Year— Possession—Constructive Notice—Trial—Directed Verdict— Motions by Both Parties—Effect.*

Trial—Motion by Both Parties for Directed Verdict—Effect.
1. Where, at the close of all the testimony, both parties move for a directed verdict and do nothing more, it may be assumed that they deem the material facts undisputed and submit the case to the court for determination on the proper inferences therefrom, and the verdict will not be disturbed if supported by substantial evidence and warranted by law.

Same—Complaint—Evidence of Plaintiff—*Prima Facie* Case—Sufficiency —How Admitted.
2. The sufficiency of the complaint and the evidence to make a *prima facie* case is admitted by defendant's failure to attack the complaint or move for relief at the close of plaintiff's case.

Landlord and Tenant—What Sufficient to Create a Lease.
3. No particular words or form of expression are necessary to constitute an instrument a lease, any language by which the possession and enjoyment of premises is granted for a specified time at a stipulated rental creating a tenancy and being, in effect, a lease.

Same—Tenancy for Years—Certainty of Term Essential.
4. To create a tenancy for years there must be certainty as to the commencement and duration of the term, though certainty in that respect may be fixed by the happening of some collateral event itself

---

1. Effect of request by both parties for direction of verdict, notes, 6 Ann. Cas. 545; 13 Ann. Cas. 372.

capable of being made certain at the time of the execution of the lease.

Same—Tenancy for Years—Uncertainty of Term.

5. *Held*, under the above rule (par. 2) that a letter written by the lessor of land to the lessee after the term fixed by a written lease had expired that he could remain in possession at the same rental theretofore paid by him "so long as you continue to use it for saw-mill purposes," treating the letter as a clause to the original lease, left the duration of the term in such uncertainty as to prevent the creation of a tenancy for years.

Same—Possession—When not Constructive Notice of What Facts.

6. Possession is not constructive notice of facts which reasonable inquiry will not disclose, or of facts which on due inquiry are not in fact disclosed.

Same—Unlawful Detainer—Purchaser in Good Faith Without Notice of Claim of Life Tenancy.

7. Where plaintiff in an action in unlawful detainer, before purchasing land had consulted the records and found that the then occupant was holding under a lease which had expired, and upon inquiry was informed by the latter that he was so holding and paying rent annually, he was a purchaser in good faith and without notice of defendant's claim as a life tenant under a letter from the owner to defendant that he could remain in possession so long as he used the premises for a certain purpose and paid the rent.

Same—Tenancy from Year to Year—May be Created, How.

8. Where a tenant, after the expiration of his lease, held over at the invitation of the owner, paying rental to the latter, a tenancy from year to year was created, which, upon proper notice, was terminable at the pleasure of the purchaser of the property.

*Appeal from District Court, Flathead County; T. A. Thompson, Judge.*

ACTION by the F. H. Stoltze Land Company against A. O. Westberg. Judgment for defendant and plaintiff appeals. Reversed.

*Mr. E. E. Watson, Mr. G. H. Grubb* and *Mr. J. E. Erickson,* for Appellant, submitted a brief; *Mr. Erickson* argued the cause orally.

The letter of May 6, 1916, if a contract, created a tenancy at will, or at most a tenancy from year to year. It violated the universal rule that a lease must be for a definite period, either expressly fixed or capable of being fixed by computation. (*Melhop* v. *Meinhart,* 70 Iowa, 685, 28 N. W. 545; *Brill* v. *Carsley,* 2 Cal. App. 331, 84 Pac. 57.) A lease for so long as both parties shall please, or for so long as the lessee shall please, is said to be a lease at the will of both lessor

and lessee. It is at most a tenancy from year to year, so long as both parties please. (*Doe* v. *Richards,* 4 Ind. 374.) And a lease to continue until the party of the second part is prepared to improve the ground with new buildings was held to be for so indefinite a period that it constituted a mere tenancy at will. Its duration was uncertain, since it could not be known when the lessee would be prepared to improve the property with new buildings. (*Corby* v. *McSpaddan,* 63 Mo. App. 648.) A lease for a year "with privilege of longer" is too indefinite to give the lessee a right to remain on the premises after the expiration of the year. (*Howard* v. *Tomicich,* 81 Miss. 703, 33 South. 493. See, also, *Thomas Hinds Lodge* v. *Presbyterian Church,* 103 Miss. 130, 60 South. 66; *Western Transportation Co.* v. *Lansing,* 49 N. Y. 499; *Idalia Realty & Development Co.* v. *Norman,* 232 Mo. 663, 34 L. R. A. (n. s.) 1069, 135 S. W. 47; *Gilmore* v. *Hamilton,* 83 Ind. 196.)

Courts do not construe a lease as conferring a right to perpetual renewals unless the lease clearly so provides. They do not look with favor upon such claims. (*Brush* v. *Beecher,* 110 Mich. 597, 64 Am. St. Rep. 373, 68 N. W. 420; *Drake* v. *Board of Education,* 208 Mo. 540, 106 S. W. 650; *Carr* v. *Ellison,* 20 Wend. 178; *Burns* v. *New York,* 213 N. Y. 516, 108 N. E. 77.)

Respondent undoubtedly relies upon the following cases: *Ely* v. *Randall,* 68 Minn. 177, 70 N. W. 980; *Thompson* v. *Baxter,* 107 Minn. 122, 21 L. R. A. (n. s.) 575, 119 N. W. 797; *Sweetser* v. *McKenney,* 65 Me. 225; *Kelleher* v. *Fong,* 108 Me. 181, 79 Atl. 466. All of these cases are contrary to the weight of authority, and in a sense it may be said that they present idiosyncrasies of the law. Furthermore, not one of these cases is applicable to the case at bar.

*Messrs. Foot & Aronson, Mr. R. H. Wiedman* and *Messrs. Norris, Hurd & Rhoades,* for Respondent, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

The contract in question is sustainable on several theories: (1) It creates a tenancy for life subject to be defeated by

the happening of the contingency therein mentioned. (See *Beakins* v. *Smith,* 37 Cal. App. 222, 174 Pac. 96; *Warner* v. *Tanner,* 38 Ohio St. 118; *Thompson* v. *Baxter;* 107 Minn. 122, 21 L. R. A. (n. s.) 575, 119 N. W. 797; 18 Am. & Eng. Ency. of Law, 2d ed., 213; *Thomas* v. *Thomas,* 17 N. J. Eq. 356; *Cook* v. *Bisbee,* 35 Mass. (18 Pick.) 527; *Sweetser* v. *McKenney,* 65 Me. 225; *Ely* v. *Randall,* 68 Minn. 177, 70 N. W. 980; *People* v. *Gillis,* 24 Wend. (N. Y.) 201; *Gilmore* v. *Hamilton,* 83 Ind. 196; *Morris et al.* v. *Healey Lbr. Co.,* 46 Wash. 686, 91 Pac. 186; *Lumberman's Nat. Bank* v. *Minor,* 65 Or. 412, 133 Pac. 87; *Busch-Everett Co.* v. *Vivian Oil Co.,* 128 La. 886, 55 South. 564; *Effinger* v. *Lewis,* 32 Pa. St. 367; *Foster* v. *Joice,* Fed. Cas. No. 4974, 3 Wash. C. C. 498; *Husheon* v. *Kelly,* 162 Cal. 656, 124 Pac. 231; *Disley* v. *Disley,* 30 R. I. 366, 75 Atl. 481; *Gillespie* v. *Allison et al.,* 115 N. C. 542, 20 S. E. 627; *Atkinson* v. *Orr,* 83 Ga. 34, 9 S. E. 787; *Citizens' Bank Bldg.* v. *L. E. Wertheimer,* 126 Ark. 38, 189 S. W. 361.)

(2) The terms of the lease gave to respondent the right to perpetuate the lease indefinitely by paying the rentals. That it was the intention of the parties, acted upon at all times by all of them, that respondent, by using the premises and paying the rentals, should be entitled to the premises until he ceased using them for the purposes mentioned, is not open to controversy. In effect it was agreed between the lessors and respondent that respondent should use the premises for a period of ten years, and as much longer thereafter as he complied with the terms and provisions of the agreement. That such agreements are valid and enforceable is thoroughly settled. (*Thaw* v. *Gaffney,* 75 W. Va. 229, 3 A. L. R. 495, 83 S. E. 983; *Burns* v. *City of New York,* 213 N. Y. 516, Ann. Cas. 1916C, 1093, 108 N. E. 77; *Kelleher* v. *Fong,* 108 Me. 181, 79 Atl. 466; *Atkinson* v. *Orr,* 83 Ga. 34, 9 S. E. 787; *Toms* v. *Williams,* 41 Mich. 552, 2 N. W. 814; *Drake* v. *Board of Education,* 208 Mo. 540, 123 Am. St. Rep. 448, 13 Ann. Cas. 1002, 14 L. R. A. (n. s.) 829, 106 S. W. 650.)

Upon either of these well-settled principles it is clear that respondent, under his contract with Lewis and wife, was entitled to the possession of the premises during the period agreed upon, and that the law will not deprive respondent of the estate demised to him by the owners in fee thereof.

MR. COMMISSIONER AYERS prepared the opinion for the court.

On July 14, 1904, defendant by a written contract leased from John E. Lewis a tract of land for a sawmill site, in Flathead county, for a term of ten years, at the annual rental of $100, payable semi-annually on the first day of January and July. The lease was recorded July 20, 1910. After the expiration of the term, defendant continued to occupy the lands for the same· purpose, and paid therefor the same amount, and in the same way as provided in the lease, until the calendar year 1916, when he paid an annual rental of $150, which amount was also paid for the calendar years 1917 and 1918, in the same way. However, the last payment was made to the State Land Company, which on April 5, 1917, acquired the lands from John E. Lewis and Olive Lewis, his wife, and on November 17, 1917, it conveyed them to the F. H. Stoltze Land Company, the plaintiff and appellant herein; and on January 15, 1919, it filed its complaint in unlawful detainer in the district court of Flathead county, praying restitution of the lands and damage for unlawfully withholding possession thereof. The defendant's answer admits all the allegations of the complaint, except that it denies plaintiff's right to the possession of the lands, and affirmatively pleads his own right to possession thereto so long as he continues to use the same as a sawmill site, asserting such right by reason of verbal agreements with Lewis and a letter dated May 3, 1916, signed by Lewis and his wife. This letter, written nearly two years after the expiration of the lease, provides: "By the terms of the lease, it expires on the 14th of July, 1914, but it was our intention, and still is our intention, that

you should continue to occupy the premises leased for the same rentals so long as you do continue to use it for sawmill purposes, and pay the rentals as provided for in the lease when they become due, and this is to advise you that so long as you continue to use the premises for the purposes you are now using them, namely, for sawmill purposes and lumber-yard, and pay the rentals, your possession will not be disturbed.''

Defendant's testimony is in substance that his verbal agreements with Lewis were to the same effect as the letter, and that such agreements were made as far back as the day of entering into the written lease, and continued in a conversational way up to the writing of the letter.

At the close of the testimony, both plaintiff and defendant moved for a directed verdict. Neither did anything more. The court granted defendant's motion, and a verdict was accordingly returned for him. Judgment was entered thereon, a new trial was refused, and these appeals are from that order of refusal and from the judgment.

Where, at the close of all the testimony, as in the instant [1] case, both parties move for a peremptory instruction directing a verdict, and do nothing more, it is to be assumed that they deem the material facts undisputed, and submit the case to the trial court for determination on the inferences proper to be drawn from such facts. The whole case was thereby submitted on the motions, and the directed verdict will not be disturbed if there was substantial evidence to support it and the law warrants it. (*St. Louis etc. R. Co.* v. *Mulkey,* 100 Ark. 71, Ann. Cas. 1913C, 1339, 139 S. W. 643; *Wells Fargo & Co.* v. *Townsend,* 134 Ark. 560, 204 S. W. 417; *Share* v. *Coats,* 29 S. D. 603, 137 N. W. 402; *Van Woert* v. *Modern Woodmen,* 29 N. D. 441, 151 N. W. 224; *Beuttell* v. *Magone,* 157 U. S. 154, 39 L. Ed. 654, 15 Sup. Ct. Rep. 566; *Empire State Cattle Co.* v. *Atchison etc. R. Co.,* 210 U. S. 1, 15 Ann. Cas. 70, 52 L. Ed. 931, 28 Sup. Ct. Rep. 607; *Fifty Associates Co.* v. *Quigley,* 56 Mont. 348, 185 Pac. 155; *Bank of*

*Commerce* v. *United States F. & G. Co.*, 58 Mont. 236, 194 Pac. 158; 38 Cyc. 1582.)

That plaintiff's complaint was sufficient, and that its evi-[2] dence made a *prima facie* case, is admitted by defendant's failure to attack the complaint or to move for relief at the close of plaintiff's case. Hence we are concerned only with his defense, the facts of which, by plaintiff's motion for a directed verdict, are admitted.

The defendant, in order to recover, must base his right upon the letter of May 3, 1916. Counsel, however, urges additional grounds, but a careful study of his brief and the record discloses that they all culminate in the letter. The question then is: Did the letter in any event become a lease, and, if so, for what period?

No particular words, technical or otherwise, or form of [3] expression in an instrument are necessary to constitute it a lease. Any language by which the possession and enjoyment of land is granted for a specified time at a stipulated rental creates a tenancy, and is in effect a lease. Bearing this rule in mind, and adopting defendant's theory that the letter of May 3, 1916, and the lease of July 14, 1904, should be read together, we have before us a purported lease for ten years, carrying a clause that the lessee might thereafter continue in possession of the leased premises so long as he continued to pay the specified yearly rental and use the same as a sawmill site.

If, after the letter is read into the lease, it is a lease at all, it must be one for a term of years, namely, until defendant ceases to use the premises for a sawmill site, or it must be a life tenancy or a tenancy at will, or a tenancy from year to year.

On the theory of a tenancy for years, we must observe that [4, 5] one of the cardinal principles in the creation of a tenancy for years is that the term must be certain—there must be a certainty as to the commencement and duration of the term. However, that certainty may be fixed by reference

to the happening of some collateral event capable in itself of certainty at the time of the execution of the lease, for that is certain which can be made certain, but that cannot be said of the purported lease here involved. "So long as you continue to use it for sawmill purposes" leaves the duration of the term in impenetrable obscurity and uncertainty. That is where the parties left it; and that is where we must leave it. Hence it does not create a tenancy for years. (*Reed* v. *Lewis,* 74 Ind. 433, 39 Am. Rep. 8&: *Reeves* v. *Thompson,* 14 Ont. Rep. 499; *Gilmore* v. *Hamilton,* 83 Ind. 196; *Western Transp. Co.* v. *Lansing,* 49 N. Y. 499; *Melhop* v. *Meinhart,* 70 Iowa, 685, 28 N. W. 545; *Murray* v. *Cherrington,* 99 Mass. 229; *Idalia Realty Co.* v. *Norman,* 232 Mo. 663, 34 L. R. A. (n. s.) 1069, 135 S. W. 47; Underhill on Landlord and Tenant, 260; Tiffany on Landlord and Tenant, 60, 61; 16 R. C. L. 606.)

On the theory of a life tenancy, we are only concerned with [6, 7] the plaintiff and defendant. If the Lewises were still the owners of the land, we would discuss the theory of a life tenancy from a different angle, and more exhaustively. (See *Thompson* v. *Baxter,* 107 Minn. 122, 21 L. R. A. (n. s.) 575, 119 N. W. 797; Underhill on Landlord and Tenant, 373.) If a life tenancy existed in defendant as against the Lewises, by reading the letter into the lease, it cannot be carried to the plaintiff, and its predecessor, the State Lumber Company, for each was a purchaser of the premises in good faith and without notice, either actual or constructive, of the letter. (*Sheldon* v. *Powell,* 31 Mont. 249, 254, 107 Am. St. Rep. 429, 78 Pac. 491; *Custer Con. Mines Co.* v. *Helena,* 52 Mont. 35, 40, 156 Pac. 1090; sec. 4684, Rev. Codes 1907, now sec. 6935, Rev. Codes 1921; sec. 4685, Rev. Codes 1907, now sec. 6936, Rev. Codes 1921.)

In making this declaration, we are not unmindful of the fact that defendant was in open, notorious and exclusive possession, and that such possession is constructive notice to subsequent purchasers of whatever estate or interest is held by the occupant, equivalent in extent and effect to the notice given

by the recording of his title. This rule is negatived in that by personal inquiry of defendant as to the nature and extent of his tenure, plaintiff and its predecessor were, before purchase, advised by him that he was holding over under the lease of July 14, 1904, and paying rent annually. Manifestly his possession, not only as a matter of law, but as a matter of fact, put them on notice, and inquiry was made—the best possible, of the very man in possession and his advice was in no way inconsistent with the public records. In connection with the above rule, that possession is constructive notice, *etc.,* we add that such possession is not notice of facts which reasonable inquiry would not disclose, or of facts which on due inquiry are not in fact disclosed. (*Cornell* v. *Maltby,* 165 N. Y. 557, 59 N. E. 291; *Bowles* v. *Belt* (Tex. Civ. App.), 159 S. W. 885; *First Nat. Bank* v. *Chafee,* 98 Wis. 42, 73 N. W. 318.) Here plaintiff and its predecessor made due and reasonable inquiry, and the fact of the existence of the letter upon which defendant bases his right was not disclosed. The inquiry being made of the defendant himself, they would have the right to presume that he told the truth, and, after consulting the records and finding nothing more than the lease of July 14, 1904, there certainly could be nothing to excite further inquiry, and they would be justified in discontinuing the same and presuming that he was holding over under the lease. A life tenancy does not exist.

The questions of tenancy for a term of years and for life [8] being disposed of, the remaining questions, to-wit, was it a tenancy at all, and if so, was it at will or from year to year, can be disposed of together. That a tenancy of some kind existed between defendant and the Lewises is manifest by defendant's occupancy and payment of rent money. That such tenancy found its existence in the lease of July 14, 1904, is admittedly true, for plaintiff contends that defendant is holding over under it, and defendant contends that he is holding under it, as modified by the letter of May 3, 1916. This is not a case where defendant wrongfully entered on the

lands, nor is it a case where he, in disobedience of the terms of a lease, wrongfully held over. His holding over was at least on the invitation of the owner, and for such holding over the owner accepted rent money. Such invitation was later reduced to writing (letter of May 3, 1916), and, however ineffectual it may be in point of law to create a tenancy for years or for life, yet such holding over and payment of annual rents and acceptance of the same by the owner created a tenancy from year to year. (*Idalia Realty Co.* v. *Norman, supra; Western Transp. Co.* v. *Lansing, supra;* sec. 5230, Rev. Codes 1907, now sec. 7745, Rev. Codes 1921.) The tenancy being from year to year and a proper notice of termination thereof having been given defendant, his tenancy terminated January 1, 1919.

This case having been submitted to the trial court on motions of both plaintiff and defendant for a directed verdict, and that court having erred as a matter of law in sustaining defendant's motion and entering judgment for him, when it should have sustained plaintiff's motion and entered judgment for it, we recommend that the judgment be reversed and the cause remanded, with directions to set aside the judgment as entered, and to enter a judgment of restitution for plaintiff.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded, with directions to set aside the judgment as entered and to enter a judgment of restitution for plaintiff.

*Reversed.*

Rehearing denied May 1, 1922.