BARKEMEYER GRAIN & SEED CO., Respondent, v.
HANNANT, Appellant.

(No. 5,016.)

(Submitted January 24, 1923.   Decided February 10, 1923.)

[213 Pac. 208.]

*Sales—Seed Contracts—Inability of Defendant to Perform—
Evidence—Trial—Directed Verdict—Motion by Both Parties
in Effect Agreed Statement of Facts.*

Contracts in Writing—Parol Testimony—Admissibility for What Purpose.
1.   Though a written contract may not be varied or contradicted by
parol, such testimony is admissible for the purpose of identifying the
subject matter to which the writing refers.

Sales—Seed Contract—Failure to Deliver Quantity Contracted for—Non-
liability of Defendant.
2.   Where it was the intention of the parties to a contract under
which defendant sold to plaintiff a crop of seed to be grown by him,
estimated at 6,000 pounds, and defendant was able to thresh only
one-third of that amount, he could not be required to make up the
deficiency by buying in the open market, or be held liable in damages
for failure to deliver the whole amount in the absence of bad faith
on his part.

Trial—Directed Verdict—Motion by Both Parties—Effect.
3.   Where at the conclusion of the testimony both parties move for
a directed verdict, the evidence offered presents only a question of
law for determination by the court.

Same—Directed Verdict—Motion by Both Parties in Effect Agreed State-
ment of Facts.
4.   Where a cause is submitted on motion of both parties for a di-
rected verdict—amounting in effect to submission on an agreed state-
ment of facts—the pleadings become immaterial.

*Appeals from District Court, Cascade County; J. B. Leslie,
Judge.*

Action by the Barkemeyer Grain & Seed Company against
N. E. Hannant.   From a judgment for plaintiff and an order
overruling a motion for a new trial, defendant appeals.   Re-
versed and remanded, with directions to enter judgment for
defendant.

2.   Intervening impossibility of performance of contract as a de-
fense, see note in L. R. A. 1916F, 10.
Destruction or loss of specific property which is the subject or
basis of a contract after the inception of the contract, as excuse for
nonperformance, see notes in 1 Ann. Cas. 466, 12 A. L. R. 1273.

[66 Mont. 120.]

*Messrs. McKenzie & McKenzie,* for Appellant, submitted an original and a supplemental brief; *Mr. John McKenzie* argued the cause orally.

Respondent seeks to recover on a contract for the sale and delivery of 6,000 pounds of alfalfa seed from appellant's 1919 crop, without alleging that appellant realized or had that amount or more of such seed from said crop. We submit that unless appellant had 6,000 pounds of alfalfa seed in that year, he cannot be in default. He cannot be charged with the failure to deliver that which he did not have. He could breach his contract only in case he was able to perform and might have performed his contract by delivery from his 1919 crop, but failed under such conditions to deliver. A contract for the sale and delivery of a certain quantity out of a specified crop of potatoes was held to be impliedly conditional upon the crop producing that quantity, and upon a failure of the crop the seller was held not to be liable for the deficiency in the quantity contracted for. (Benjamin on Sales, 552; *Ontario Fruit Growers' Assn.* v. *Cutting Fruit Co.,* 134 Cal. 21, 86 Am. St. Rep. 231, 53 L. R. A. 681, 66 Pac. 28.)

When delivery and payment are concurrent acts, neither party can demand a performance by the other without an allegation of his own offer and ability to perform his part of the contract. (*Porter* v. *Plymouth Gold Mining Co.,* 29 Mont. 347, 74 Pac. 938; *Jenderson* v. *Hansen,* 50 Mont. 216, 146 Pac. 473; *Pope* v. *Terre Haute Car Co.,* 107 N. Y. 61, 13 N. E. 592.)

*Messrs. Murch & Wuerthner,* for Respondent, submitted a brief; *Mr. Julius Wuerthner* argued the cause orally.

The written agreement specified 6,000 pounds of seed, without any designation being made to any particular crop. It speaks for itself.

A contract, complete and certain in its terms, pleaded *in haec verba,* governs the complaint, and no allegation can add to or change its legal meaning. (*Patrick* v. *Colorado Smelting*

*Co.*, 20 Colo. 268, 38 Pac. 238; *Dillon* v. *Barnard*, 21 Wall.
(U. S.) 430, 22 L. Ed. 673 [see, also, Rose's U. S. Notes];
*Everett* v. *Drew*, 129 Mass. 150; *North* v. *Kizer*, 72 Ill. 172;
*Van Norman* v. *Wheeler*, 13 Tex. 316; *Stoddard* v. *Treadwell*,
etc., 26 Cal. 294; *Miller* v. *Wayne International B. & L. Assn.*,
32 Ind. App. 480, 70 N. E. 180.)

MR. COMMISSIONER FELT prepared the opinion for
the court.

The plaintiff sued to recover damages against the defendant
for breach of contract to sell a quantity of alfalfa seed. The
jury returned a verdict for the plaintiff by direction of the
court. Judgment was entered accordingly. Defendant made
motion for a new trial, which was overruled. The appeal is
by the defendant from the judgment and the order overruling
the motion for a new trial.

The appellant makes nine specifications of error. There is
no merit to the third, fourth, and fifth specifications. The
others all relate to the sufficiency of the pleadings and the
evidence to sustain the verdict and judgment.

The complaint, after alleging the corporate capacity of plain-
tiff, continues: "That on or about the 20th day of November,
1919, at Great Falls, Mont., the plaintiff and defendant en-
tered into an agreement whereby the defendant did agree to
and with the plaintiff that for and in consideration of the
payment to the defendant of the sum of $28 per hundred
pounds the defendant would sell to the plaintiff 6,000 pounds
of alfalfa seed, to be shipped f. o. b. Ft. Shaw, Mont.,
and billed to Great Falls, Mont., this contract contemplating
and being understood and agreed by the plaintiff and de-
fendant to contemplate and mean the sale and delivery of
alfalfa seed from the 1919 alfalfa crop of the defendant, which
seed, at the date of the said contract, had not yet been cleaned
by the defendant; this said contract to be subject to the rules,
regulations and customs of the seed trade.   *   *   *

"IV.   That at the time of the said contract a written con-
firmation of the said agreement was made and signed by the

plaintiff and accepted by the defendant in writing, which is in words and figures as follows, to wit:

" 'Barkemeyer Grain & Seed Co.

" 'Confirmation of Purchase.

" 'Great Falls, Montana, Nov. 20, 1919.

" 'N. E. Hannant, Ft. Shaw, Montana: We hereby confirm purchase from you to-day as follows:

" 'Quantity:        about 6,000 pounds.

" 'Grain:            alfalfa seed.

" 'Price:            $28.00 per 100 lbs. recleaned.

" 'Basis:            f.o.b. Ft. Shaw.

" 'Shipment.

" 'Weights:          Great Falls.

" 'Grades:           Sample to be recleaned.

" 'Billing:          Great Falls.

" '26 grain bags taken to-day.

" '$500.00 advance paid to-day, receipt of which is hereby acknowledged.

" 'This contract subject to the rules, regulations and customs of the seed trade.

" 'Yours truly,

" 'Barkemeyer Grain & Seed Co.,

" 'By A. E. Barkemeyer.

" 'Accepted: N. E. Hannant.' "

The complaint alleges that in accordance with the customs of the seed trade the defendant was required to deliver the seed in question not later than May 1, 1920; that on April 15th he delivered 1,800 pounds of the seed, and made no other delivery; that from April 15, 1920, to May 1, 1920, the market price of alfalfa seed was $40 per hundred pounds, and damage, through failure to deliver the 4,200 pounds, in the sum of $504; against this damage the plaintiff was allowed a credit in the sum of $4 by reason of excess of the contract price of the 1,800 pounds delivered ($504) over the advance payment of $500. There is no allegation in the complaint that the defendant's 1919 alfalfa crop produced 6,000 pounds of seed, or any amount of seed greater than the 1,800 pounds delivered.

To this complaint the defendant interposed a general demurrer, which demurrer was by the court overruled. Answer was then made, which, after denying the damage, admits that defendant accepted the confirmation of purchase, reiterates more in detail that the subject matter of the sale in contemplation of the parties was the defendant's 1919 crop of alfalfa seed, and that the amount specified in the confirmation of sale was only an estimate of the crop. The answer concludes: "That defendant on the 1st day of May, 1920, delivered to plaintiff all the alfalfa seed raised and grown by him on said ranch in said year, and in all things has performed his part of said agreement." The reply denies that there was any mistake, or inadvertence or error in the confirmation of sale; denies that said confirmation fails to fully set forth the terms of the agreement; and denies all the allegations, matter, and things contained in the paragraph of the answer quoted.

The evidence offered is practically without conflict. Briefly stated, it supports the allegations contained in the complaint and answer. In addition to the bare facts pleaded, the defendant testified that A. H. Barkemeyer, an officer of the plaintiff company, called at the ranch of the defendant prior to the 20th of November, 1919, and negotiated for the purchase of the defendant's crop of alfalfa seed, which had not yet been threshed. At that time it was estimated that there would probably be in the neighborhood of 6,000 pounds. The defendant agreed to sell the plaintiff his entire crop of alfalfa seed, with the exception of what would be needed for his own seeding. The defendant further testified that on Novemer 20, 1919, in the office of the plaintiff corporation, he informed A. E. Barkemeyer of the negotiations previously had with A. H. Barkemeyer, and that he was ready to sell in accordance with the conversation had between the latter and himself; that before the confirmation of sale was accepted, A. E. Barkemeyer called up A. H. Barkemeyer over the phone, and reported: "My brother confirms what you have told me, what you have said in regard to this, and it is all right, and that we will interpret this in the light of what was said out there." The

substance of this conversation was corroborated by the wife of the defendant, who was present at the time. A. H. Barkemeyer, though still interested in the plaintiff corporation, did not testify at the trial. The defendant further testified that, instead of 6,000 pounds, he only threshed about 2,000 pounds. He required 200 pounds for seeding his own land, which amount he retained, leaving only 1,800 pounds available for sale under the contract. This amount was delivered.

That the parties contemplated a sale of the specific crop raised by the defendant in the year 1919 cannot be doubted. Not only was this pleaded by both parties, but the defendant and his wife emphatically testified to that effect. It may also be inferred from the testimony of A. E. Barkemeyer, who testified for plaintiff. He states on direct examination: "My name is A. E. Barkemeyer, and I am president and manager of the Barkemeyer Grain & Seed Company; and I am acquainted with Mr. Hannant, the defendant in this case. On November 20, 1919, Mr. Hannant came into my office, and stated that he was ready to sell his alfalfa seed. We talked the matter over, and I questioned him as to the quality and amount he had, and wrote out a contract and handed it to Mr. Hannant for signature, which is our custom."

The respondent takes the position that the writing is the [1] complete and conclusive evidence of the entire transaction and that other evidence to prove what was actually within the contemplation of the parties is inadmissible. We cannot approve of that contention. Parol evidence is always admissible to identify the subject matter to which the instrument refers. (Jones on Evidence, sec. 450; *Rice & Co.* v. *Weber,* 48 Ill. App. 573; *Ontario Deciduous Fruit Growers' Assn.* v. *Cutting Fruit Co.,* 134 Cal. 21, 86 Am. St. Rep. 231, 53 L. R. A. 681, 66 Pac. 28.)

Mr. Justice Holloway, in *McCaull-Dinsmore Co.* v. *Stevens,* 59 Mont. 206, 194 Pac. 213, construing a document very similar to the one in this case, says: "We entertain serious doubt whether either of the exhibits above is a bilateral contract, but independently of that the question arises: May the defend-

ant by parol evidence establish the fact that each of the exhibits was signed by him, and delivered to Bailey, for a purpose other than the purpose for which it is now being used —as the basis of an action? The evidence was competent and material and its production did not infringe the parol evidence rule. Defendant did not seek to vary, contradict or even explain the terms of the exhibits." And in the same case he quotes with approval from *Peugh* v. *Davis,* 96 U. S. 332, 24 L. Ed. 775: "The rule which excludes parol testimony to contradict or vary a written instrument has reference to the language used by the parties. That cannot be qualified or varied from its natural import, but must speak for itself. The rule does not forbid an inquiry into the object of the parties in executing and receiving the instrument."

Since the parties in this case clearly contemplated delivery [2]  out of the crop of seed raised by the defendant, the plaintiff could not have been required to accept alfalfa seed bought upon the general market. For the same reason the plaintiff could not demand performance of the defendant in that manner. Had the defendant sold his crop elsewhere, or even through negligence allowed it to be destroyed, he would have been liable for failure to deliver all that was within his power to deliver. But he cannot be subjected to damages for failure to do that which, through no fault of his own, was impossible. (*Matousek* v. *Galligan,* 104 Neb. 731, 12 A. L. R. 1270, note 178 N. W. 510.) Nor is he liable in damages because he made an erroneous estimate of the amount of seed he would be able to thresh. (*Davis & Co.* v. *Bishop,* 139 Ark. 273, 213 S. W. 744; *St. Joseph Hay & Feed Co.* v. *Brewster* (Mo. App.), 195 S. W. 71; *Howell* v. *Coupland,* 1 Q. B. D. 258.)

We cannot agree with counsel for appellant that an agreement to deliver "about 6,000 pounds" would be satisfied by delivery of 1,800 pounds. But that contention is of no importance in this case, in view of what was contemplated by the parties. It is alleged in the plaintiff's complaint that the sale contemplated delivery out of a specific crop. However, the word "about" has especial significance in this case.

As said by Mr. Justice Bradley in *Brawley* v. *United States,* 96 U. S. 168, 24 L. Ed. 622: "Where a contract is made to sell or furnish certain goods identified by reference to independent circumstances, such as an entire lot deposited in a certain warehouse, or all that may be manufactured by the vendor in a certain establishment, or that may be shipped by his agent or correspondent in certain vessels, and the quantity is named, with the qualification of 'about,' or 'more or less,' or words of like import, the contract applies to the specific lot, and the naming of the quantity is not regarded as in the nature of a warranty, but only as an estimate of the probable amount, in reference to which good faith is all that is required of the party making it."

At the conclusion of the testimony each party moved for a [3] directed verdict. In this manner both parties agreed that the evidence offered presented only a question of law to be determined by the court. (*Fifty Associates Co.* v. *Quigley,* 56 Mont. 348, 185 Pac. 155; *Bank of Commerce* v. *United States F. & G. Co.,* 58 Mont. 236, 194 Pac. 158.) The plaintiff based its contention upon the writing and the breach of its terms. The defendant based his contention upon a showing of full compliance with the contract in contemplation of the parties. The facts upon which the contentions of each of the parties is based are uncontradicted. The court adopted the contention of the plaintiff, and directed a verdict against the defendant for the full amount prayed for in the complaint. This was error.

Since the defendant alleges in his answer that the contract [4] was to deliver all of the seed grown on his ranch during the year 1919, and admits retaining 200 pounds of seed for his own use, it might be argued that the plaintiff was at least entitled to damages for failure to deliver that amount. However, the defendant testified that the actual agreement was to reserve his own seed from the agreement to sell the crop in question. This testimony is in the record without objection, and is uncontradicted. It must therefore be considered as a part of the statement of facts before the court when it ruled

upon the respective motions for a directed verdict. The pleadings become immaterial when a case is submitted to the court upon an agreed statement of facts. (*United States Nat. Bank* v. *Great Western S. Co.*, 60 Mont. 351, 199 Pac. 245, on rehearing.) With this evidence before the court the defendant was entitled to judgment. The court should have directed a verdict in his favor.

We recommend that the judgment and order overruling the motion for a new trial be reversed, and the cause remanded to the district court, with directions to enter judgment in favor of the defendant.

Per Curiam: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause is remanded to the district court, with directions to enter judgment for the defendant.

*Reversed.*

Rehearing denied March 1, 1923.