STIEMKE, APPELLANT, *v.* JANKOVICH ET AL., RESPONDENTS.

(No. 5,251.)

(Submitted June 1, 1923. Decided June 26, 1923.)

[217 Pac. 650.]

*Personal Property—Hiring—Breach of Contract—Destruction of Property—Liability of Hirer—Complaint—Sufficiency.*

Complaint—Sufficient if Plaintiff Entitled to Relief on Any Theory.
    1. In determining whether a complaint states a cause of action, matters of form are to be disregarded, as well as irrelevant and redundant allegations, and if, from any view, plaintiff is entitled to relief, the pleading will be sustained.

Personal Property—Hiring—Breach of Contract—Destruction of Property—Damages—Complaint—Sufficiency.
    2. Complaint in an action to recover damages for the destruction of a player-piano alleged by plaintiff to have been rented to defendant under an agreement that if the arrangement should prove unsatisfactory defendant should return it, that he had declared it unsatisfactory but failed to return it though demand had been made and that while the instrument was so in his possession it

[68 Mont. 60.]

was destroyed by fire, *held* sufficient to state a cause of action under the above rule, and that the trial court in holding otherwise was in error.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

ACTION by L. C. Stiemke against Milo Jankovich and another individually and as copartners under the name of Jankovich & Pekich. Judgment for defendants and plaintiff appeals. Reversed and remanded.

*Mr. Geo. W. Pierson* and *Mr. Geo. S. Smith,* for Appellant, submitted a brief; *Mr. Pierson* argued the cause orally.

*Mr. C. C. Rowan,* for Respondent, submitted a brief and argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

Plaintiff L. C. Stiemke commenced this action against the defendants Milo Jankovich and Eli Pekich in February, 1922. From the allegations of the complaint it appears, among other things, that in October, 1921, plaintiff and defendants entered into a contract whereby plaintiff agreed to deliver to defendants at Billings, Montana, an "orchestron piano" of an agreed and actual value of $1,250, which defendants intended to place in their business house at Bear Creek, Montana, for the use of which defendants agreed to pay a monthly rental. It was further agreed that, in the event the arrangements were not satisfactory to defendants, they were to return the instrument to plaintiff at Billings, Montana. The piano was delivered and placed by defendants as intended at the time of the agreement. In accordance with the terms of the first agreement, the arrangement not being satisfactory to defendants, in December of the same year they agreed to return the piano to plaintiff at Billings. Notwithstanding the last agreement, defendants did not make the return. In January, 1922, plaintiff demanded the return,

but the demand was not complied with. In February, 1922, while the instrument was still in defendants' possession, it was destroyed by fire. Plaintiff claimed the value as damages. Defendants answered, and plaintiff replied. The case being at issue, it was set down for trial. Very shortly after the case was called for trial and the jury impaneled, defendants objected to the introduction of any testimony on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The objection was sustained, and a judgment in favor of the defendants was entered. Plaintiff appealed therefrom. The only question raised by the appeal is whether or not the complaint states a cause of action.

The rule by which we are governed in such instance is [1] stated in *Decker* v. *Decker,* 56 Mont. 338, 185 Pac. 168, as follows: "In determining whether the complaint states a cause of action or entitles plaintiff to any relief, matters of form are to be disregarded as well as the allegations that are irrelevant and redundant; and if from any view the plaintiff is entitled to relief, the pleading will be sustained. (*Raymond* v. *Blancgrass,* 36 Mont. 449, 93 Pac. 648, 15 L. R. A. (n. s.) 976.)"

In stating the facts, we have omitted allegations of the complaint which may be regarded as surplusage. From the allegations referred to, we are of the opinion that a cause of action was stated.

According to the complaint defendants' original holding [2] was as a hirer of personal property. This hiring was terminated by the mutual consent of the parties. (See sec. 7738, Rev. Codes 1921.) By the terms of the agreement terminating the hiring, defendants were to return the piano to plaintiff at Billings. Even without such an agreement as to return as was entered into in December, 1921, it was defendants' duty to return the instrument at Billings upon the termination of the hiring. (See secs. 7577, 7578 and 7754, Rev. Codes 1921.) Plaintiff was therefore at all times after the agreement of December, 1921, entitled to the return of

the "thing" theretofore let to defendants, and defendants were wrongfully in possession thereof from such time. The legal duty to return being fixed, it is immaterial what prevented the return, unless it was plaintiff's own acts, or possibly those of one whose rights were superior to plaintiff's. Neither of these last conditions were shown by the complaint. Defendants were, upon the wrongful withholding by them, to all intents and purposes insurers of the property.

Section 8713, Revised Codes of 1921, provides: "Any person having the possession or control of a particular article of personal property, of which he is not the owner, may be compelled specifically to deliver it to the person entitled to its immediate possession." If the piano had not been destroyed by fire, plaintiff's remedy would have been an action for claim and delivery. And if, after the commencement of such an action, while the property was still in defendants' possession, it had been destroyed, plaintiff would have been entitled to a judgment for its value. Certainly plaintiff is not left remediless by the destruction prior to the commencement of the action.

There seems to be some divergence of authority as to the question of what the exact nature of the remedy is on such facts as are before us. Some courts treat it as being in trover; others work it out on other lines. The case of *McCurdy* v. *Wallblom Furniture & Carpet Co.*, 94 Minn. 326, 3 Ann. Cas. 468, 102 N. W. 873, is enlightening on this subject. Appended to the report of that case in the Annotated Cases, there is a very complete note in which are cited a large number of cases dealing with the general subject of liability of bailees for unauthorized use of chattels, including retention beyond the term of the bailment. We are inclined to agree with the Minnesota court that "The most satisfactory classification of this liability is  *  *  *  to put it under the fourth class of cases in conversion as arranged by Mr. Pollock, *viz.:* 'Cases where there is not a conversion, but an action (formerly a special or innominate action on the case) lies to recover the actual damage.' " (See *McCurdy* v. *Wall-*

*blom Fur. & Carp. Co., supra,* and Pollock's Law of Torts, 10th ed., p. 384.)

We therefore recommend that the judgment be reversed, with directions to the district court to grant a new trial.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause is remanded to the district court, with directions to grant a new trial.

*Reversed and remanded.*