STIEMKE, RESPONDENT, v. JANKOVICH ET AL., APPELLANTS.

(No. 5,598.)

(Submitted January 13, 1925.   Decided February 13, 1925.)

[233 Pac. 904.]

*Personal Property—Hiring—Breach of Contract to Return— Venue—Law of Case—Pleading and Practice—Complaint— Surplusage—Evidence—Market Value—Directed Verdict— Motion by Both Parties — Appeal and Error — New Trial —Newly Discovered Evidence—Proper Denial of Motion.*

Contracts—Breach—Venue in County Where to be Performed.
   1.   The venue of an action for the breach of an agreement by the hirer of a player piano to return it in case it should not prove satisfactory was in the county of the owner's residence—the place

where it was to be performed, *i e.*, the place to which it was to be returned.

Appeal—Ruling on Former Appeal Law of Case.

2. A ruling on a former appeal that the complaint stated a cause of action was the law of the case on a retrial, hence a demurrer to the pleading on the ground that it was insufficient was properly overruled.

Pleading and Practice—Causes of Action—Failure to Separately State and Number—How Defect Reached.

3. Joinder of two causes of action in one count is not ground for demurrer, but such defect can be reached only by motion to separately state and number.

Same—Complaint—Motion to Strike Portion in Effect Demurrer—When Too Late.

4. A motion to strike a portion of the complaint is in effect and substance a demurrer to the portion attacked, and comes too late when made after answer has been filed.

Personal Property—Hiring—Breach of Agreement to Return—Complaint—Surplusage—Election of Remedies—Proper Denial of Motion.

5. In an action for damages for breach of an agreement by the hirer of a player piano to return it if not satisfactory, his failure to do so resulting in its destruction by fire, an additional allegation as to defendant's negligence in omitting to have it insured as he had agreed to do was surplusage and unnecessary to recovery; hence there was but one cause of action stated, rendering refusal to require plaintiff to elect upon which cause of action stated he would rely proper.

Same—Market Value—Failure of Proof—Nonsuit—Proper Denial.

6. Instead of testifying to the value of the piano above referred to on the day it should have been returned by the hirer under his contract to return it, plaintiff's witnesses gave it as from $1,250 to $1,500 on the day it was destroyed by fire, also stating, however, that the value would not fluctuate much in the interim and that any change in value would be to the detriment of the owner, plaintiff. The jury returned a verdict for $800 only. *Held*, that a motion for nonsuit on the ground that the market value on the date on which the agreement to return was breached had not been proven was properly denied.

Trial—Directed Verdict—When Proper.

7. The district court may direct a verdict where the evidence is susceptible of but one conclusion by reasonable men, or where it is in such condition that if the case were submitted to the jury and a verdict returned for one party it would be its duty to grant a new trial on motion of the opposing party.

Same—Directed Verdict—Motion by Both Parties—When Motion may be Granted Notwithstanding Subsequent Request of Submission of Issue to Jury.

8. Where both parties ask for a directed verdict, and subsequently one of them requests that one or more issues be submitted to the jury, the trial court cannot, as it otherwise could, deem the case submitted as on an agreed statement of facts; but where, after

---

3. Demurrer for misjoinder of causes of action, see note in 3 **Ann. Cas.** 287.

8. Effect of request by both parties for directed verdict, see notes in 6 **Ann. Cas.** 545; 13 **Ann. Cas.** 372; **Ann. Cas.** 1913C, 1342.

[72 Mont. 363.]

submission of the issues, the verdict returned in favor of the party making the request would have to be set aside on motion of his opponent, the court may direct a verdict notwithstanding the request.

Appeal — Instruction Given Without Objection not Reviewable on Appeal.
9.    The correctness of an instruction given without objection cannot be reviewed on appeal.

New Trial—Newly Discovered Evidence—Proper Denial of Motion.
10.    If alleged newly discovered evidence is merely cumulative or if no showing is made that the absent witness will be present at a retrial, but on the contrary, it is made to appear that the party asking for a new trial on that ground knew of the witness and had made an unsuccessful effort to ascertain his whereabouts and obtain his deposition, the motion may be properly denied.

*Appeal from District Court, Yellowstone County, in the Thirteenth Judicial District; Lyman H. Bennett, a Judge of the Fifth District, presiding.*

ACTION by L. C. Stiemke against Milo Jankovich and another, individually and as copartners under the firm name and style of Jankovich & Pekich. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. C. C. Rowan,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Geo. W. Pierson,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The complaint herein alleges delivery by respondent to appellants, at Billings, of a player piano, under a contract by the terms of which appellants were to transport the instrument to Bearcreek and there have the use of it at a monthly rental of $50, with option to purchase at $1,250, they to keep the instrument insured for the benefit of respondent, and that, if at any time the agreement proved unsatisfactory, appellants were to return the instrument to Billings.

The complaint further alleges that appellants failed to insure, and, the agreement proving unsatisfactory, in December, 1921, appellants promised to return the piano to Billings, but failed to do so; that a demand for its return was made on January 15 or 16, 1922, but again appellants failed to return the instrument, which was thereafter, on February 14, 1922, destroyed by fire.

Appellants demurred to the complaint on the grounds: (1) That it failed to state facts sufficient to constitute a cause of action; (2) that two separate causes of action were joined in one count; (3) that the complaint was ambiguous, unintelligible and uncertain, because of the misjoinder. They also filed motion for change of venue and supported the motion by affidavits to the effect that they were residents of Carbon county and were there served with summons, denied the agreement set out in the complaint and set forth that the convenience of witnesses would be served by the change. The motion was denied and the demurrer overruled.

Appellants thereafter, by answer, admitted delivery, denied the right to purchase and agreement to insure, and the allegation that appellants wrongfully retained possession of the instrument, and alleged possession in respondent by the retention of the key to the money compartment of the instrument, and that the agreement was that respondent was to divide the proceeds with appellants each month. Issue was joined by reply. Thereafter appellants moved to strike certain portions of the complaint, which motion was denied.

The cause was tried to a jury. At the opening, and again when respondent rested his case, appellants moved that he be required to elect as to whether he would stand upon his alleged cause of action in contract or that sounding in tort. These motions were denied. Appellants moved for judgment of nonsuit, which motion was denied, and thereupon moved the court to instruct the jury to bring in a verdict for respondent for nominal damages only, which motion was denied. Appellants introduced testimony and both sides rested. Appellants

renewed their motion to instruct, which motion was denied. Respondent then moved for a directed verdict for the value of the piano at the time it was converted, which motion was granted.

The court announced that the jury would be instructed to bring in a verdict for "the amount which they find, from a preponderance of the evidence, was the market value of this piano on the fourteenth day of February, 1922, not exceeding the sum of $1,250, together with interest." Appellants then requested that the issues be submitted to the jury, which request was denied.

Under the court's instruction the jury returned a verdict for respondent for $800, with interest at eight per cent from February 14, 1922, and judgment was entered accordingly. Appellants moved for a new trial on the ground of "newly discovered evidence." The motion was denied. Error is assigned on each of the rulings indicated and on certain rulings on the introduction of evidence, which will appear later.

1. The motion for change of the place of trial was submitted [1] on the theory that the "contract" or agreement for the return of the piano was to be performed in Carbon county, the place of residence of appellants. Respondent filed a counter-affidavit attempting to show that the contract was to be performed in Yellowstone county. Appellants moved to strike respondent's affidavit, which motion was properly denied. (*State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 608, 172 Pac. 1030.) The motion was disposed of on the theory presented by the respondent, that the action was on a contract or agreement to be performed in Yellowstone county.

If the action can be said to be upon a contract, and it appears that the contract was to be performed in Yellowstone county, the ruling of the court was correct. (Sec. 9096, Rev. Codes 1921; *State ex rel. Interstate Lumber Co.* v. *District Court, supra.*)

This cause has heretofore been before this court, where it was held that, while there is some question as to the exact

nature of the remedy, "the most satisfactory classification of this liability is  *  *  *  to put it under the fourth class of cases in conversion as arranged by Mr. Pollock, *viz.:* 'Cases where there is not a conversion, but an action (formerly a special or innominate action on the case) lies to recover the actual damage.'" (*Stiemke* v. *Jankovich,* 68 Mont. 60, 217 Pac. 650.)

It is conceded by appellants that, as a part of the original contract, they agreed that, if the arrangement proved unsatisfactory, they would return the instrument to respondent at Billings, and that they did, later, agree to return it to that place. As suggested in the above quotation, "there was not a conversion"; the original contract of hiring was rescinded, but a part of that contract was the agreement to return the instrument to Billings on such a rescission. Indeed, that duty rested upon appellants in the absence of an agreement, on a rescission of the contract. (*Hollingsworth* v. *Ruckman, ante,* p. 147, 232 Pac. 180.) There was, then, a duty which, in effect, was either an implied or express contract to deliver the piano at Billings, and which was therefore to be performed in Yellowstone county. No error was committed in denying the motion.

2. On the former appeal this court held that the complaint [2] did state facts sufficient to constitute a cause of action, which disposes of the first ground of demurrer.

The other grounds set forth attack the complaint for an [3] alleged joinder of two causes of action in one count. Even if this was the case, counsel did not invoke an available remedy. The statute enumerates the defects which may be reached by demurrer and this is not one of them. The defect can only be reached by motion. (*Galvin* v. *O'Gorman,* 40 Mont. 391, 106 Pac. 887; *Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714; *Roberts* v. *Sinnott,* 55 Mont. 369, 177 Pac. 252.)

3. Having answered to the complaint on March 23, 1922, [4] on January 22, 1924, appellants moved to strike a certain portion thereof. "A motion to strike out a portion of a plead-

ing is in fact [effect?] and in substance a demurrer to that portion attacked.'' (*Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291; *State ex rel. Juckem* v. *District Court,* 57 Mont. 315, 188 Pac. 137.) The motion came too late and was properly denied.

4. As heretofore pointed out, the complaint stated, in a [5] single count, a cause of action for damages for the breach of the contract to return the piano, after the contract of hiring had been rescinded by mutual consent. Appellants admitted right to possession in respondent and agreement to return. The duty to return or suffer damages for failure was fixed. ''The legal duty to return being fixed, it is immaterial what prevented the return, unless it was plaintiff's own acts.'' (*Stiemke* v. *Jankovich, supra.*)

The allegations concerning an agreement to insure the piano and subsequent failure to do so were not necessary to a recovery, and should therefore be treated as surplusage and disregarded. (*Hoskins* v. *Northern Pac. Ry. Co.,* 39 Mont. 394, 102 Pac. 988; *Cassidy* v. *Slemons & Booth,* 41 Mont. 426, 109 Pac. 976.) In the *Hoskins Case* this court said: ''As the complaint was simply the basis or foundation of plaintiff's proof, if it contained allegations sufficient to enable him to introduce testimony showing a liability on the part of the defendants, and he could, in the absence of the specific allegations, rest his case without proving the particulars in which the latter were negligent, then it seems to follow that although he had made specific allegations of negligence, such allegations were immaterial, and should be disregarded.''

There is but one contract stated in the complaint, and a breach thereof in one or more particulars, and under such circumstances the court cannot be said to have abused its discretion in denying a motion to compel an election. (*Cohen* v. *Clark,* 44 Mont. 151, 119 Pac. 775.)

5. Appellants' motion for nonsuit and the two motions for [6] a directed verdict for nominal damages were directed to

the alleged failure to prove the market value of the instrument as of December 28, 1921, the date of the rescission of the contract of hiring.

We have examined the evidence and find it sufficient to go to the jury. The hypothetical question put to the witnesses Nelson and Lindamood, called as experts, was fairly based upon the nature and condition of the instrument, as detailed by the respondent. While the testimony referred to the condition of the instrument on February 14, 1922, rather than December 28, 1921, the witnesses testified that such value would not fluctuate in the course of one or two months, and any change would, of course, have been to the detriment of respondent rather than appellants. Incidentally, while the witnesses fixed the market value at from $1,250 to $1,500, the jury's verdict was for but $800. No substantial error was therefore committed in denying the several motions.

6. Each of the parties having moved for a directed verdict, [7, 8] as indicated, had nothing more been done the court would have been justified in submitting the case to the jury on the one question as to the value of the piano, considering all other issues as submitted on an agreed statement of facts. (*Moore* v. *Crittenden,* 62 Mont. 309, 204 Pac. 1036; *Stoltze Land Co.* v. *Westberg,* 63 Mont. 38, 206 Pac. 407; *Barkemeyer Grain & Seed Co.* v. *Hannant,* 66 Mont. 120, 213 Pac. 208; *Gunder* v. *Huggans,* 71 Mont. 449, 233 Pac. 901.) However, before the court formally instructed the jury, appellants requested the submission to the jury of all the issues raised by the pleadings and evidence, and in particular whether or not respondent by his words or actions directed appellants to return the piano by a particular truck and in no other manner, or whether he prevented appellants from returning the piano by his words or actions. It is only in the absence of such a request that the court may deem the case submitted as on an agreed statement of facts. (*Fifty Associates Co.* v. *Quigley,* 56 Mont. 348, 185 Pac. 155; *Buckhouse* v. *Parsons,* 60 Mont. 156, 198 Pac. 445.)

A canvass of the evidence will answer the question as to whether the court erred in refusing to submit the issues as requested, for where the evidence is susceptible of but one conclusion by reasonable men, the court may either direct a verdict or withdraw the case from the jury and render judgment. (*Helena Nat. Bank* v. *Rocky Mt. Tel. Co.,* 20 Mont. 379, 63 Am. St. Rep. 628, 51 Pac. 829; *Milwaukee Land Co.* v. *Ruesink,* 50 Mont. 489, 148 Pac. 396; *Conway* v. *Monidah Trust,* 52 Mont. 244, 157 Pac. 178.)

The court may also direct a verdict where the evidence is in such condition that, if the case were submitted to the jury and a verdict returned for one party, it would be the duty of the court to grant a new trial on motion of the opposing party. (*McIntyre* v. *Northern Pac. Ry. Co.,* 56 Mont. 43, 180 Pac. 971; *Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869; *Long* v. *Davis,* 68 Mont. 85, 217 Pac. 667.)

Here the respondent testified to all the material allegations of his complaint. Appellants denied any option to purchase or agreement to insure, and denied the agreement to pay a monthly rental, claiming a different arrangement. They admitted, however, the agreement that, if the arrangement proved unsatisfactory, they would return the instrument to Billings, and that, in December, 1921, all parties agreed that the arrangement was unsatisfactory, and that, either in December or January, they agreed to return the piano to Billings, and that they did not do so.

Counsel contends that appellants' testimony shows that they were directed by respondent to return the piano only by a certain truck, and that, having attempted to do so, appellants were relieved from further responsibility. Counsel overlooks the fact that whatever the original agreement was, according to the testimony of all parties to this action, it was rescinded in the month of December, 1921, with the exception of the agreement to return the instrument to respondent at Billings. And a careful examination of appellants' evidence does not warrant the contention that they testified that respondent

directed them to return the piano by truck and in no other manner.

Jankovich, who speaks very broken English, testified that he received notice in January, either by letter or 'phone call from respondent, and talked with respondent over the phone, saying, "I tell him, a day or so; I tell Mr. Stiemke, the piano, send it down with them blankets, either him or driver." Asked on direct examination, "What did he say, if anything, with reference to the truck driver getting the piano?" he answered, "He say all right, he go send the driver." To the question, "Did he say whether or not you might send it on the train?" the witness answered, "He tell me first place he didn't want to send it by train; he didn't want it to be crated." This last answer manifestly refers to his conversation with Stiemke as to the transportation of the piano to Bearcreek, when respondent asked Jankovich how it could be sent and stated "I do not want to crate it," and in reply Jankovich told respondent of the truck plying between the two places. The testimony did not amount to a showing of direction to return the piano by truck and in no other manner, nor discloses that respondent prevented the return either by his words or actions.

It affirmatively appears from the record that there was a train service between Bearcreek and Billings, and that the piano could have been returned at any time within thirty days prior to the fire and should have been so returned, if the truck had ceased to operate.

We are therefore forced to the conclusion that, had the court submitted these matters to the jury, no other conclusion could have been reached by reasonable men than that appellants were in duty bound to return the piano and agreed to do so; that they failed to return it, and, in doing so, were not prevented by respondent, and that respondent was entitled to recover the reasonable market value of the piano; further, that had there been a submission to the jury and a verdict by them rendered in favor of appellants, the court would have been forced to grant a new trial on motion of respondent. The

court was therefore justified, under the authorities above cited, in refusing the request for submission.

7. Error is predicated on the court's instruction to the jury [9] to find the value as of February 14, 1922. On granting the motion to instruct, the court announced that the jury would be instructed to determine the value as of that date, and thereafter gave such instruction. No objection was made to the instruction as given, and this court is therefore precluded from reviewing the action of the trial court. (Sec. 9349, Rev. Codes 1921.)

8. The affidavits on motion for a new trial state that two [10] additional witnesses were present at the time of a conversation between Jankovich and respondent, to which appellants testified. The evidence, if produced, would therefore be merely cumulative. Further, no showing is made that these witnesses would be present on a future trial; in fact, the affidavits disclose that one has departed from the state, his present whereabouts unknown, and that an unsuccessful attempt was made to take his deposition before the trial. The showing thus discloses the fact that the evidence, instead of being "newly discovered," was known to appellants at all times since the date of the conversation. No error was committed in denying the motion for a new trial.

We have examined the remaining assignments and find no merit in them.

No prejudicial error appearing in the record, the judgment will be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.